IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
EIKINS

JOHN MCQUAIN,

    Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

CIVIL ACTION NO. 2:14-CV-97
(BAILEY)

## ORDER ADOPTING REPORT & RECOMMENDATION

On this day, the above styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. [Doc. 16]. Pursuant to this Court's local rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on September 9, 2015, wherein he recommends that defendant's Motion for Summary Judgment be granted and plaintiff's Motion for Summary Judgment be denied. On September 24, 2015, plaintiff timely filed objections to the R&R. [Doc. 18]. Subsequently, defendant filed a Response to Plaintiff's Objections on October 5, 2015. [Doc. 20]. For the reasons set forth below, this Court adopts Magistrate Judge Seibert's R&R.

## I. BACKGROUND

On September 28, 2011, plaintiff John McQuain filed a Title II application for disability insurance benefits ("DIB"). [Docs. 1 at 1; 7 at 17]. He also filed a Title XVI

1

application for supplemental security income on September 27, 2011. [Doc. 7 at 17]. Both applications alleged disability beginning April 16, 2011. [*Id.*] These claims were both denied, first on November 1, 2011, and subsequently upon reconsideration on May 4, 2012. [*Id.*] Plaintiff then filed a written request for hearing, and later appeared and testified at a hearing on July 30, 2013, in front of Administrative Law Judge ("ALJ") Jeffrey P. La Vicka. [*Id.*] On August 16, 2013, the ALJ entered a decision finding that Mr. McQuain was not disabled. [Doc. 7 at 36]. In accordance with the five-step evaluation process described in 20 C.F.R. § 404.1520, the ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2017. (Exhibit 2D1).
>
> 2. The claimant has not engaged in substantial gainful activity since April 16, 2011, the alleged onset date. (Exhibit 2D). (20 C.F.R. §§ 404.1571 *et seq.*, 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: degenerative disc disease of the cervical and lumbar spine; obesity; anxiety disorder; depressive disorder; and borderline intellectual functioning. (20 C.F.R. §§ 404.1520(c), 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functioning capacity to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) except entails no climbing of ladders/ropes/scaffolds and no more than occasional performance of other postural activities; accommodates a sit/stand option with allowance to alternate sitting or standing positions for up to two minutes, at thirty minute intervals without going off-task; entails no bilateral overhead reaching; entails no concentrated exposure to temperature extremes, wet conditions, humid conditions, and excessive vibrations; entails no exposure to unprotected heights, hazardous machinery, and commercial driving; entails no frequent verbal communications; entails only simple, routine, and repetitive tasks, requiring only simple decisions, with no fast-paced production requirements and few work place changes; entails no interaction with the public and no more than occasional interaction with co-workers and supervisors.

6. The claimant is unable to perform any past relevant work. (20 C.F.R. §§ 404.1565, 416.965).

7. The claimant was born on August 2, 1970, and was 40 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date. (Exhibits 1E, 8E, and 18E). (20 C.F.R. §§ 404.1563, 416.963).

8. The claimant has at least a high school education and is able to communicate in English. (Exhibit 2E). (20 C.F.R. §§ 404.1564, 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills. (See SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform. (20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from April 16, 2011, through the date of this decision. (20 C.F.R. §§ 404.1520(g), 416.920(g)).

[Doc. 7 at 19-36].

On October 28, 2014, the Appeals Council denied petitioner's request for review, which made the ALJ's decision the final decision of the Commissioner of Social Security. [Doc. 7 at 9]. On December 17, 2014, plaintiff filed the instant action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security for denying the plaintiff's claim for DIB under Title II of the Social Security Act. The R&R provides a detailed description of plaintiff's medical history, much to which plaintiff objects and which this Court will not rehash. For the reasons explained herein, this Court adopts the facts as stated in the R&R. [Doc. 16].

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of

any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See *Webb v. Califano*, 458 F.Supp. 825 (E.D. Cal. 1979). Because plaintiff filed objections this Court will undertake a *de novo* review as to those portions of the report and recommendation to which objections were made.

An ALJ's findings will be upheld if supported by substantial evidence. See *Milburn Colliery Co. v. Hicks*, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "reasonable mind might accept as adequate to support a conclusion." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Further, the "possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Sec'y of Labor v. Mutual Mining, Inc.*, 80 F.3d 110, 113 (4th Cir. 1996) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1996)). The issue is not whether a claimant is disabled, but whether the ALJ's finding of disabled or not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)).

III. DISCUSSION

In response to the magistrate judge's R&R, plaintiff asserts nine objections. First, plaintiff objects to the magistrate judge's statement of facts in the R&R, arguing that it contains numerous omissions of relevant facts related to his arguments. Second, plaintiff

objects to the magistrate judge's statement of the standard for judicial review. Third, plaintiff objects to the magistrate judge's finding that the ALJ did not err in "ignoring" evidence of a pre-existing and chronic neck and shoulder condition. Fourth, plaintiff argues that the magistrate judge erred in agreeing with the ALJ's finding that plaintiff's treatment history supported that plaintiff overstated his condition. Fifth, plaintiff argues that the magistrate judge erred in finding that the ALJ had no duty to identify and obtain a reasonable explanation for the conflicts between the Vocational Expert ("VE") and the Dictionary of Occupational Titles ("DOT") regarding descriptions of relevant jobs, and in recommending dismissal of the "argument" without merit. Sixth, plaintiff objects to the magistrate judge's recommendation that plaintiff's argument concerning the conflict between the VE's testimony and the DOT should be dismissed. Seventh, plaintiff objects to the magistrate judge's finding that plaintiff would not be able to perform the reasoning and math requirements of the surveillance monitor job due to his IQ and achievement scores. Eighth, plaintiff seems to object to the magistrate judge's finding that the ALJ's credibility determination was proper in light of "new evidence" related to plaintiff's updated condition. Finally, plaintiff objects to the magistrate judge's ultimate conclusion, specifically that the ALJ's decision is supported by substantial evidence, that plaintiff's Motion for Summary Judgment be denied, and that defendant's Motion for Summary Judgment be granted. [Doc. 18]. This Court will address the objections in the order that they were raised.

### A. The R&R's statement of the facts sufficiently details all evidence relevant to plaintiff's case.

Plaintiff's initial objection is to the magistrate judge's statement of Facts in the R&R,

whereby he argues that it contains numerous omissions of facts relevant to his arguments. [Doc. 18 at 1]. In so objecting, plaintiff first restates his arguments from his Motion for Summary Judgment–specifically, that the Appeals Council erred in rejecting "new" evidence submitted after the ALJ's decision was rendered, that the ALJ's Residual Functional Capacity ("RFC") evaluation lacked substantial support, and that the ALJ erred in relying on the VE's testimony that seemed to conflict with the DOT. [Doc. 18 at 1-2; *see also* Doc. 9-1]. Because plaintiff reasserts these arguments in subsequent objections, this Court will not address them here.

Plaintiff's first objection continues on to recite an array of facts allegedly omitted from the R&R's fact section. Many of these "omissions" are, in fact, found in the R&R, contrary to plaintiff's assertion. For example, plaintiff notes that at a follow up appointment with Dr. Douglas in October of 2013, plaintiff reported that his symptoms were progressively worsening since his last appointment, and further testing would be necessary prior to making a decision regarding surgery. [Doc. 18 at 4]. This is specifically stated in the R&R. [Doc. 16 at 8]. In section C of plaintiff's first objection, he elaborates on much of the transcript from the ALJ hearing. [Doc. 18 at 6]. The R&R also elaborates on much of the transcript from the ALJ hearing and includes many of the same quotations as plaintiff's objection. Plaintiff also objects to omissions pertaining to the VE's testimony, specifically regarding instances whereby the VE considered hypotheticals. [Doc. 18 at 8]. This particular aspect of the VE's testimony is included and summarized by the R&R. [Doc. 16 at 13]. This Court will not elaborate on the variety of other instances whereby plaintiff insists the R&R omits a fact that it does include, even though stated differently.

Essentially, much of what plaintiff seems to be objecting to is the fact that the magistrate judge summarized certain aspects of the testimonial evidence and plaintiff's medical history as opposed to belaboring each detail noted in the administrative record. Moreover, the objection, in general, is simply an assortment of information that is not accompanied by any substantive argument and does not attempt to show how the inclusion of any more facts than the multitude found in the R&R would undermine the magistrate judge's determination that the ALJ's decision is supported by substantial evidence. This Court notes that the magistrate judge's statement of facts succinctly yet thoroughly addressed the entirety of the relevant evidence. Accordingly, plaintiff's objection is **OVERRULED**.

### B. The R&R correctly stated the standard of review regarding this Court's review of ALJ decisions.

Plaintiff's second objection makes two assertions–that an ALJ's factual finding reached by means of an improper standard or misapplication of law cannot be found to be supported by substantial evidence, and that the magistrate judge's citations regarding reversal of the ALJ's credibility determination do not relate to "the issue of whether new and material evidence would tend to contradict the ALJ's credibility finding." [Doc. 18 at 9]. In so asserting, plaintiff cites to two cases.[1] This objection is unpersuasive for several reasons. Firstly, the objection neglects to set forth any actual argument. A mere assertion coupled with a general citation to a case, without more, fails to make a compelling point. Secondly, plaintiff fails to show how application of the cases he cites would cause the

---

[1]The cases cited to by plaintiff are *Coffman v. Bowen*, 829 F.2d 514 (4th Cir. 1987) "and subsequent cases," and *Meyer v. Astrue*, 662 F.3d 700 (4th Cir. 2011). [Doc. 18 at 9].

7

magistrate judge's determinations to not be supported by substantial evidence. Without a specific objection, plaintiff's assertions must fail.

Upon review, it is evident that the R&R articulates the proper standards regarding this Court's review of ALJ determinations. Accordingly, plaintiff's objection is **OVERRULED**.

### C. The magistrate judge did not err in agreeing with the ALJ's assessment of plaintiff's neck and shoulder condition.

Plaintiff argues that the ALJ failed to properly consider the entire history of his neck and shoulder condition. [Doc. 18 at 9]. The Court notes that this is less of an objection to the R&R and more of a reassertion of an argument from his Motion for Summary Judgment. [*See* Doc. 9-1 at 8]. Moreover, the R&R elaborates on evidence of plaintiff's neck and shoulder condition prior to his alleged onset of disability, which came from the administrative record that was fully considered by the ALJ in making his determinations. Plaintiff also failed to explain how this "ignoring the historical evidence" is not supported by substantial evidence. For these reasons, plaintiff's assertion in his objection is undermined. Accordingly, plaintiff's objection is **OVERRULED**.

### D. The ALJ's finding that plaintiff overstated his condition is supported by substantial evidence.

Plaintiff's objection states that the magistrate judge erred in finding that plaintiff's treatment history supported the ALJ's finding that plaintiff overstated his condition. [Doc. 18 at 9]. The substance of the objection notes the magistrate judge's citation to the ALJ's decision, which states that plaintiff's treatment history does not support a finding that plaintiff qualifies for DIB. It then argues essentially that, in so deciding, the ALJ did not

take the "worsening" of plaintiff's condition into account. [Doc. 18 at 9-10]. To the extent that this objection argues that "new" evidence submitted after the ALJ's decision should have been considered, this Court notes that this is again argued in a later objection and will not address it here.

Plaintiff asserts first that the ALJ did not "analyze the worsening of plaintiff's condition in the spring of 2013" in order to determine whether that worsening caused plaintiff to be so limited that he qualified for DIB. [Doc. 18 at 10]. It is apparent from the ALJ's thorough decision that he comprehensively analyzed every aspect of plaintiff's medical history, including a seeming "worsening" of his condition in the months prior to the ALJ's decision. The decision itself specifically states that, "while one could observe a decline in the claimant's cervical spine in April 2013 as evidenced by this surgical recommendation, such still fails to demonstrate the presence of a totally disabling condition for a period of 12 months." [Doc. 7 at 30]. Thus, especially given the ALJ's extensive analysis of plaintiff's medical history, it is apparent that the ALJ did, in fact, analyze the worsening of plaintiff's condition in the spring of 2013 in making his determination, and his finding is supported by substantial evidence.

The remainder of the objection generally seems to assert that there was evidence in the record that, if properly considered, would have supported plaintiff's disability assertions and undermined the ALJ's finding that plaintiff was overstating his condition. A determination as to whether plaintiff was overstating his condition relies on a credibility determination that only the ALJ can accurately make and that should only be reversed "if the claimant can show it was 'patently wrong.'" *O'Connor v. Comm'r of Soc. Sec.*, 794 F.Supp.2d 667, 672 (N.D. W.Va. 2011) (citing *Powers v. Apfel*, 207 F.3d 431, 435 (7th

Cir. 2000)). This is in part because the ALJ had "the opportunity to observe the demeanor and to determine the credibility of the Claimant, the ALJ's observations concerning these questions are to be given great weight." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (citing *Tyler v. Weinberger*, 409 F.Supp. 776 (E.D. Va. 1976)). Plaintiff has offered no reason for why the ALJ's credibility determination should be undermined nor how there is a lack of substantial evidence in support of the ALJ's credibility determination. Moreover, upon review, this Court finds the ALJ's credibility assessment and determination that plaintiff overstated his condition to be undoubtedly supported by substantial evidence. The ALJ exhaustively analyzed plaintiff's medical history in order to accurately assess both plaintiff's credibility relating to his subjective statements concerning his symptoms and limitations, and plaintiff's RFC. [Doc. 7 at 23-34]. In so doing, the ALJ continually cited to and supported his analysis with evidence from the record. As such, it is evident that the ALJ more than accounted for each and every development in plaintiff's medical history and that his determinations pertaining thereto are supported by substantial evidence, and the magistrate judge did not err in finding the same. Accordingly, plaintiff's objection is **OVERRULED**.

### E. The magistrate judge did not err in finding that the ALJ had no duty to identify and obtain a reasonable explanation for the "conflict" between the VE's testimony and the DOT.

In his objection, plaintiff argues that the magistrate judge erred in finding that the ALJ's handling of the seeming inconsistency between the VE's testimony and the DOT complied with SSR 00-4p. [Doc. 18 at 9-10]. In so objecting, plaintiff reasserts an argument from his Motion for Summary Judgment, specifically that the ALJ had an

"affirmative responsibility . . . to identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs and information in the . . . DOT," and that since "[t]his he did not do," the ALJ's finding regarding plaintiff's ability to perform certain jobs lacks substantial support. [Doc. 9-1 at 12-13].

Social Security Rule 00-4p provides that the ALJ has an affirmative responsibility to "ask about any possible conflict between that VE['s evidence about the requirements of a job or occupation] and information provided in the DOT." In a situation where there is an "apparent unresolved conflict" between VE testimony and the DOT, the ALJ must obtain a reasonable explanation for the conflict before relying on the VE's testimony in making a disability determination–if the VE indicates that there is a conflict after the ALJ inquires as to whether or not there is consistency between VE testimony and the DOT, the ALJ must resolve it by determining whether the VE's explanation is reasonable and provides a basis for relying on the VE's testimony rather than the DOT. A reasonable explanation can be evidence obtained by the VE that is not listed in the DOT, more specific information than that in the DOT, etc. *See* SSR 00-4p, 2000 SSR LEXIS 8 (S.S.A. Dec. 4, 2000).

In the absence of a conflict that is so obvious that the ALJ should have picked up on it without any assistance, the ALJ need only ask the VE if his testimony is consistent with the DOT. **Smith v. Colvin**, 2013 U.S. Dist. LEXIS 160198, at 8-9, 16 (N.D. W.Va. Nov. 8, 2013) (citing **Terry v. Astrue**, 580 F.3d 471, 478 (7th Cir. 2009)). The Fourth Circuit has noted that there is no obligation on ALJs to "uncover" discrepancies between VE testimony and the DOT. **Justin v. Massanari**, 20 Fed. Appx. 158, 160 (4th Cir. Md. 2001). In other words, an ALJ need not "conduct an independent investigation into the

testimony of witnesses nor is an ALJ required to explain how a conflict was resolved if the plaintiff did not bring the vocational expert's mistake to the ALJ's attention." *Smith*, 2013 U.S. Dist. LEXIS 160198, at 10 (citing *Boggs v. Astrue*, 2012 U.S. Dist. LEXIS 162080 (N.D. W.Va. Nov. 13, 2012)).

Plaintiff's objection turns on the question of the degree to which an ALJ must inquire about any discrepancies between VE testimony and the DOT. Plaintiff's argument overstates an ALJ's responsibilities. To interpret SSR 00-4p as plaintiff insists would require an expansive reading of the Social Security Ruling's requirements, which courts in both the Northern District of West Virginia and others have expressly declined to adopt[2] and that this Court does not adopt now. Specifically, SSR 00-4p does not establish an affirmative duty on an ALJ to investigate unidentified conflicts between VE testimony and the DOT beyond asking the VE if any of his evidence conflicts with the DOT and requesting a reasonable explanation for such.

Here, at plaintiff's 2013 hearing, the ALJ specifically asked the VE if "all [his] testimony today [had] been consistent with and according to [his] experience and the DOT." [Doc. 7-2 at 236]. The VE answered that it had, "with the exception of the sit/stand option posed in the hypothetical." [*Id.*] The VE continued by offering an explanation for this inconsistency, which was based on his personal, professional experiences. [*Id.*] Plaintiff's attorney was present during the ALJ's questioning of the VE and questioned the

---

[2]*See Bowman v. Colvin*, 2014 U.S. Dist. LEXIS 118999 (S.D. W.Va. Aug. 5, 2014); *Stuckey v. Colvin*, 2013 U.S. Dist. LEXIS 167462 (E.D. Va. Nov. 25, 2013); *Lane v. Astrue*, 2012 U.S. Dist. LEXIS 41468 (W.D.N.C. Mar. 9, 2012); *Prochaska v. Barnhart*, 454 F.3d 731 (7th Cir. 2006); *Martin v. Comm'r*, 170 Fed. Appx. 369 (6th Cir. 2006); *Rutherford v. Barnhart*, 399 F.3d 546 (3d Cir. 2005); *Haddock v. Apfel*, 196 F.3d 1084 (10th Cir. 1999).

VE himself subsequently. At no time during either the ALJ's questioning or plaintiff's attorney's questioning of the VE did plaintiff's attorney nor plaintiff himself raise any issue of inconsistencies between the VE's testimony and the DOT. [Doc. 7-2 at 231-252]. Plaintiff's assertion in his objection that the "ALJ cut off counsel's questioning regarding the degree of handling . . . when counsel was beginning to explore a potential conflict with the DOT" is without merit and unpersuasive. There is nothing in the hearing transcript to suggest plaintiff's counsel was raising a conflict between the VE's testimony and the DOT. The ALJ specifically asked plaintiff's counsel if he had any other questions for the VE–a prime opportunity for him to note that he wanted to call to the ALJ's attention a potential conflict–yet plaintiff's counsel stated that he had no further questions. [Doc. 7-2 at 251-252]. As such, because plaintiff did not bring a mistake in the VE's testimony to the ALJ's attention and because review of the hearing transcript does not indicate that an "obvious" conflict existed that the ALJ should have picked up on without assistance, the ALJ did not have a duty to inquire about and resolve potential discrepancies any further than he did. Accordingly, the ALJ satisfied the requirements of SSR 00-4p, and plaintiff's objection is **OVERRULED**.

> **F. The magistrate judge did not err in finding that plaintiff's argument that the VE's testimony regarding the surveillance monitor job conflicted with the DOT should be dismissed.**

Plaintiff appears to object to the magistrate judge's dismissal[3] of plaintiff's argument that the VE's testimony regarding the job of surveillance monitor conflicted with the DOT.

---

[3]The language of the objection reads, "Plaintiff objects to the findings of the ALJ . . . that plaintiff's argument . . . should be dismissed." However, it is apparent that plaintiff is actually referring to the findings of the magistrate judge in the R&R.

13

[Doc. 18 at 11]. The objection itself does little more than restate information available in the administrative record. Moreover, the objection restates an argument made in plaintiff's Motion for Summary Judgment–specifically, that the ALJ erred by not resolving a seeming conflict between the VE's testimony regarding the job of surveillance monitor and the DOT. [Doc. 9-1 at 13-15]. Plaintiff makes this argument pursuant to SSR 00-4p, and therefore, the objection is substantially the same as the preceding objection. Plaintiff is no more compelling with this objection than his arguments were in the previous objection; indeed, there does not appear to be any actual argument in this objection at all. Accordingly, the Court's reasoning in the preceding section applies, and plaintiff's objection is **OVERRULED**.

### G. The magistrate judge did not err in finding that plaintiff would not be able to perform requirements of the surveillance monitor job in light of his IQ and achievement scores.

Plaintiff objects to the magistrate judge's finding that plaintiff would not be able to perform the reasoning and math requirements of the surveillance monitor job in light of his IQ and achievement scores. [Doc. 18 at 11]. In so objecting, plaintiff appears to be referring to the magistrate judge's statement of that which plaintiff argued in his Motion for Summary Judgment rather than to an actual finding by the magistrate judge. [*See* Doc. 16 at 22]. Plaintiff's objection then restates part of the VE's testimony from the hearing that is found in the record. [Doc. 18 at 11-12]. Plaintiff does nothing to show how the magistrate judge erred in the R&R nor why the ALJ's finding regarding plaintiff's ability to perform the surveillance monitor job is not supported by substantial evidence. On the contrary, plaintiff refers to evidence from the record that the ALJ used in making his

determination about plaintiff's mental health and ability to perform certain job requirements, which supports a finding that the ALJ's determination is supported by substantial evidence.

Upon review, this Court agrees with the magistrate judge that the ALJ clearly considered plaintiff's mental health impairments seriously in making a determination about plaintiff's RFC. The administrative record indicates that the ALJ went to great lengths to get a comprehensive assessment of plaintiff's mental and physical health, which he fully took into consideration in making his decision. The Court finds that the magistrate judge did not err as plaintiff suggests and that the ALJ's determination of plaintiff's ability to perform the surveillance monitor job is supported by substantial evidence. Accordingly, plaintiff's objection is **OVERRULED**.

### H. The magistrate judge was correct in finding that the ALJ did not err by rejecting plaintiff's new evidence.

Plaintiff argues that the Appeals Council improperly rejected new and material evidence in denying his request for review, and that the magistrate judge erred in finding that the Appeals Council did not err in rejecting such evidence.[4] [Doc. 18 at 12]. In so arguing, plaintiff reasserts his initial argument from his Motion for Summary Judgment. [Doc. 9-1 at 4-8]. This Court disagrees.

The Appeals Council must consider evidence submitted with a request for review "if the . . . evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d

---

[4]Although the language of Objection 8's heading states that "Plaintiff objects to the finding of the Magistrate Judge on page 22-24 that the Appeals Council erred in rejecting new evidence," it is clear from the body of the objection that plaintiff intended to assert his objection to the magistrate judge's finding that the Appeals Council did *not* so err.

93, 95-96 (4th Cir. 1991).[5] Evidence is considered to be new if it is "not duplicative or cumulative" and material if there is a "reasonable probability that the new evidence would have changed the outcome of the case." *Id.* In determining whether to grant review, new and material evidence that is submitted must be considered by the Appeals Council if it relates to the period prior to the ALJ's decision. *Id.* Evidence relating to a time period only after the ALJ's decision is rendered need not be reviewed nor considered by the Appeals Council. *Id.*; see also 20 C.F.R. § 416.1476(b)(1). The Appeals Council may ultimately decline review. *Id.* Should the Appeals Council deny review of an ALJ's decision, it need not explain its reason for doing so. **Meyer v. Astrue**, 662 F.3d 700, 702 (4th Cir. 2011).

The issue here is whether the Appeals Council properly considered the evidence submitted by plaintiff when he requested review of the ALJ's decision, labeled by plaintiff as new and material. This Court finds that the evidence plaintiff submitted–medical records evidencing surgery performed on January 22, 2014; treatment records from West Milford Community Health Center dated August 23, 2011, through April 12, 2013; treatment records from West Milford Community Health Center dated October 2, 2013, through February 20, 2014; and treatment records from WVU Neurosurgery dated November 4, 2013, through April 21, 2014–is not new. The treatment records dated August 12, 2011, through April 12, 2013, were exact copies of exhibits included in the administrative record utilized by the ALJ in making his decision and thus are duplicative. [See Doc. 7-1 at 30-34, 114-120, 121-126]. The treatment records dated after plaintiff's January 22, 2014, surgery in no way relate to his condition prior to the ALJ's decision; they relate to plaintiff's new

---

[5]Superseded on other grounds by 20 C.F.R. § 404.1527. See also **McCormick v. Colvin**, 2015 U.S. Dist. LEXIS 41740 (E.D.N.C. March 31, 2015).

physical state after treatment. Thus, evidence submitted to the Appeals Council dated after January 22, 2014, is new.

The remainder of the medical records are dated after the date of the ALJ's decision and before plaintiff's surgery. Although evidence dated after the ALJ's decision may relate to the period prior to the ALJ's decision,[6] if that evidence is not also new, the Appeals Council is not obligated to consider it. Many of these medical records pertain to plaintiff's condition that led to the January 22 surgery, including his condition prior to the ALJ's August 16, 2013 decision. This evidence and evidence of the surgery itself might reasonably be considered to relate back to the time prior to the ALJ's August 16, 2013, decision, but they are not new evidence. The same surgery that plaintiff underwent had been previously recommended in April of 2013, four months prior to the ALJ's decision, but plaintiff elected not to undergo it at that time. [Doc. 7-1 at 138]. The ALJ took this into consideration in making his determination. [Doc. 7 at 21, 27, 28]. Thus, evidence of the surgery and the condition necessitating surgery is cumulative and not new evidence.

Further, assuming *arguendo* that the evidence plaintiff submitted to the Appeals Council could be considered new, it is not material. Nowhere has plaintiff demonstrated how the ALJ's decision might reasonably have been different with consideration of the evidence in question. Moreover, as noted above, the evidence indicates that plaintiff's condition was such that it qualified him for the same surgery as had been recommended to him before the ALJ's decision, suggesting that the medical records reflect the same condition as that which the ALJ considered and found to not enable plaintiff to qualify for

---

[6]*See, e.g., Cox v. Heckler,* 770 F.2d 411 (4th Cir. 1985).

DIB. As such, there is no reasonable probability that the ALJ's decision might have been different had plaintiff's newly submitted evidence been considered, and the evidence is not material. Thus, the Appeals Council did not improperly reject plaintiff's evidence submitted with his request for review. Accordingly, the magistrate judge did not err in finding that the Appeals Council committed no error in deciding not to review plaintiff's case, and plaintiff's objection is **OVERRULED**.

I. **The magistrate judge was correct in his ultimate conclusion that the ALJ's decision is supported by substantial evidence.**

Plaintiff concludes his objections by generally objecting to the magistrate judge's conclusion that the ALJ's decision is supported by substantial evidence. [Doc. 18 at 12]. This bare assertion is entirely unpersuasive. In reviewing the ALJ's decision and the entirety of the administrative record, it is apparent to this Court that the ALJ was successful in ensuring that his opinion was well-founded in plaintiff's medical history. The ALJ provided continual support for his findings with citations to the evidence in the record. For all of the foregoing reasons, the Court finds that the ALJ's decision is supported by substantial evidence. Accordingly, plaintiff's objection is **OVERRULED**.

IV. CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 16]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Further, plaintiff's Objections **[Doc. 18]** are **OVERRULED**. Thus, defendant's Motion for Summary Judgment **[Doc. 14]** is **GRANTED**, and plaintiff's Motion for Summary Judgment **[Doc. 9]** is **DENIED**.

Accordingly, this Court hereby **DENIES** and **DISMISSES** plaintiff's Complaint **[Doc.**

**1]** and **ORDERS** that this matter be **STRICKEN** from the active docket of this Court. This Court further **DIRECTS** the Clerk to enter judgment in favor of the defendant.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: October 27, 2015.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE